MILLER v. KLUGH.

RICHEY v. SAME.

RICHEY & MILLER v. SAME.

1. Plaintiff filed his complaint to enjoin the enforcement of a judgment
held by defendant as assignee, alleging that it had been paid; defen-
dant answered, claiming that he had lent the money to plaintiff to pay
the judgment and that it had been assigned to defendant as security
for the money so lent. At the trial the dispute was whether the
money paid by defendant to plaintiff had been lent and the judgment
assigned to secure the loan, or whether it was paid on a contract of
purchase of land and the judgment assigned to secure the execution of
a title-deed, which had been afterwards tendered. *Held,* that the
Circuit Judge erred in supposing that the question of specific perform-
ance was raised by the testimony, for only the allegation of payment
was involved and that question of fact should have been decided by
him. MR. CHIEF JUSTICE SIMPSON, *dissenting.*
2. A complaint to enjoin the enforcement of a judgment upon an allega-
tion of payment, cannot be changed by amendment into an action for

the specific performance of a contract for the purchase of land. But as the complaint alleged such payment, it stated a cause of action.

3. A party holding an assignment of a judgment to secure certain moneys advanced cannot claim the judgment as security for other moneys advanced, but not agreed to be so secured.

Before PRESSLEY, J., Abbeville, October, 1887.

These were three actions against J. C. Klugh, master for Abbeville County, and Cornelius McHugh, as assignee of A. J. Salinas & Son, to enjoin sales under three judgments of foreclosure against the three plaintiffs, John M. Miller, William R. Richey, and Richey & Miller. The case is thus stated by the Chief Justice in his separate opinion :

A. J. Salinas & Son held a mortgage covering lands belonging to the appellants in the actions above. A judgment of foreclosure was obtained thereon, when it was assigned to the defendant, McHugh, who had said lands advertised for sale by the defendant, Klugh, master for Abbeville County. The actions above were then instituted to enjoin said sale on the alleged grounds, that the judgment of foreclosure had been paid in full, one half by William R. Richey and the other half by John M. Miller, and that McHugh had no interest whatever in said judgment, because it had been fully paid. The answer of defendant, McHugh, denied the material allegations of the complaints.

Judge Cothran granted a temporary restraining order, and the cases were referred to a special master, who reported that the complaints should be dismissed because they did not state facts sufficient to constitute a cause of action. Judge Hudson overruled this report and recommitted the cases, when the special master, upon testimony taken, reported in favor of the defendants, with the amount due upon the judgment, and also $127.79, an outside loan, to be included. Upon exceptions to this report Judge Pressley confirmed it, except as to $100 of the $127.79 reported by the master; "and he ordered and adjudged that the amount reported by the master be reduced by the sum of $100 (which he disallowed), and that the injunctions be dissolved, and

that defendant, McHugh, have leave to proceed under said judgment."

The allegation in the complaints of payment of the judgment, upon which the cases turned, was attempted to be made out in the following way: The plaintiffs claimed that defendant, McHugh, had contracted to buy a certain lot of land belonging to Miller at the price of $1,000—$350, or enough to pay off the Salinas judgment, cash, and the balance in February or March thereafter, when titles would be executed, and, in the mean time, to secure the first payment the foreclosure judgment was to be assigned to McHugh until titles were made; which contract plaintiffs claimed had been carried out by McHugh advancing the $350 and obtaining an assignment of the judgment, but that McHugh had subsequently refused to complete the land trade, although titles had been tendered by Miller. McHugh, through his testimony, denied this statement throughout, and claimed that he advanced the $350 and the $127.79, to be paid to Salinas & Son, to secure which he was to get an assignment of their judgment, which was done. "That it was not in part payment of the land transaction, and had nothing to do with it." Judge Pressley stated, as to these matters, "that under the pleadings he could not consider whether that agreement was a sufficient compliance with the statute of frauds; that there was nothing in the complaint setting forth that contract, and claiming specific performance thereof;" that the allegation of the complaint was payment, and that he was confined to that. Plaintiffs' attorney asked leave to amend the complaint so as to conform to the testimony, when, after argument, his honor decreed as above. Plaintiffs appealed upon the following exceptions :

1. Because his honor erred in holding that he could not consider the testimony of the sale and agreement for sale of the land.

2. Because he erred in holding that it would, in fact, be a trial for specific performance under a bare allegation of payment.

3. Because his honor erred in not deciding motion of plaintiffs to amend complaint.

4. Because he erred in holding that an amendment to the complaint making them correspond to the facts as proved, would change the nature of the cause of action.

5. Because he erred in not holding the judgment of foreclosure, having been paid and assigned and left open for a specific purpose and until the happening of a certain event, that event having happened, McHugh had lost all interest in the judgment.

6. Because he erred in not holding that the judgment was paid, and that McHugh had no interest therein.

7. Because he erred in not granting the relief prayed for under the proof.

8. Because he erred in holding that only $127.79 ($100) was a private loan by defendant, McHugh, to Richey.

The defendant appealed, 1st. That his honor erred in reducing the amount reported by the master by $100; and, also, 2d. Because Judge Hudson erred in not sustaining the demurrers to the complaints; that they did not state facts sufficient to constitute a cause of action.

*Messrs. Johnson & Richey* and *Cason & Bonham,* for plaintiffs.

*Mr. Eugene B. Gary,* for defendants.

July 13, 1888.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   It seems to us that the real question in the three cases, heard as one, was whether the cash advanced by the defendant, McHugh, to pay the balance due on the judgment in favor of Salinas & Son was a loan by him to Miller, or whether it was a payment on account of the land trade. If it was the former, then, clearly, the allegation of payment could not have been sustained and *the result* of the judgment below was correct.   But if, on the other hand, it was not a loan, but was, as appellants contend, the cash payment on the land trade, then, it seems to us, that the judgment below cannot be sustained. This question the Circuit Judge declined to consider, and, therefore, we think the case should go back for the purpose of having that question determined. It is very true that the special master did consider this question and determined it adversely to the appellants; but upon exceptions to his report, the Circuit Judge held that, under the pleadings, he could not consider it, and, therefore, there has been no adjudication of what we regard the vital issue in the case.

· We do not see that the right to a specific performance of a contract for the sale of land was in any way involved in the defence of payment set up by Miller. According to his allegation, the money advanced by McHugh to pay the balance of the judgment was advanced, not as a loan, but as the cash payment on the land; and if so, then that money when paid on the judgment was Miller's money, and not McHugh's, and would at once have extinguished the judgment, but for the fact that it was by agreement left open and assigned to McHugh for the purpose of securing the performance of Miller's contract to convey the land, which he was not then able to do. The transaction, viewed in the light of appellants' testimony, was practically the same as if the cash payment had been made directly to Miller, and McHugh, instead of taking an assignment of the judgment to secure the performance of the contract for the sale of the land, had taken Miller's bond to make titles so soon as certain incumbrances were removed and the balance of the purchase money was paid. If that had been the nature of the transaction, surely the tender of titles, in accordance with the terms of the contract, would have been such a compliance with the condition of the bond as would have defeated any action upon it for damages. So here, if the defendant, Miller, has, as he alleges, tendered titles for the land, then the defendant, McHugh, has no longer any right to enforce a judgment assigned to him for the purpose of securing that result.

Suppose Miller, with a view to raise money to pay off the balance due on the judgment, had sold a horse to McHugh for cash, warranting the title to and soundness of the animal, and, for the purpose of securing McHugh against any loss by the breach of such warranty, the judgment had been assigned to him, surely McHugh would not have been permitted to enforce the judgment, without showing that there had been a breach of the warranty. So here, if the nature of the transaction be such as alleged by Miller, it does not seem to us that McHugh could be permitted to enforce the judgment, if it was shown, as it seems to have been, that Miller duly tendered titles for the land. It seems to us, therefore, that it was a mistake to suppose that Miller's defence of payment rested upon his right to a decree for the specific performance of a contract for the sale of land, but that it rested

entirely upon the question of fact whether the money advanced by McHugh was advanced as a loan, or as a cash payment on the land contract, and that it was error on the part of the Circuit Judge to decline to consider this fundamental question.

As to the other points involved, we concur in the conclusion reached by the Chief Justice in his separate opinion.

The judgment of this court is, that the judgment of the Circuit Court, in so far as it conflicts with these views, be reversed, and that the case be remanded for a new trial, so that the issue herein suggested may be determined, and such further proceedings had as may be necessary to carry out the views herein announced.

MR. JUSTICE McGOWAN concurred.

MR. CHIEF JUSTICE SIMPSON. The question made in the complaints was payment, and want of title in McHugh, because of said payment. The injunction was asked for on these grounds and no other. The issue between the parties was made up upon these grounds and no other. The plaintiffs' cause of action was based entirely upon the allegation of payment, and the consequent want of interest in the defendant, as the foundation for the injunction demanded. Under these circumstances it is not surprising that his honor, Judge Pressley, hesitated to consider under the original pleadings the testimony offered by the plaintiffs on the subject of the alleged land trade. He, no doubt, regarded such testimony as irrelevant to the issue joined. Because, even admitting all that was claimed by plaintiffs, it did not prove payment and extinguishment of the judgment. On the contrary, by said claim the judgment was to be kept open and assigned to McHugh to secure the amount advanced by him, at least until the land trade was fully consummated. It seems to us that the plaintiffs' cause of action in reference to that matter was for specific performance, as the Circuit Judge intimated.

But it is said that the Circuit Judge erred in not allowing plaintiffs to amend, so as to conform the pleadings to the proof. The code gives power to the court to allow such amendments, but at its discretion. *Code,* § 194. We do not think that discretion was abused here. Moreover, there was room here for a wide difference of opinion as to the facts in reference to the land

trade.    There was a direct conflict of testimony on that subject
between McHugh and the plaintiffs.    The special master had
found upon that testimony, as matters of fact, that Richey had
received from McHugh $127.79, and also $350, for the purpose
and on condition that said sum should be paid to Salinas & Son,
and that the judgment should be assigned to McHugh to secure
the payment of said money; that there was no agreement that
any part of the land covered by the mortgage should be released,
but that all the property covered thereby should still be liable;
that McHugh was the lawful owner of the judgment; that it had
not been paid, on the contrary, that there was due thereon to
said McHugh the sum of $477.79, with interest, and that the
plaintiffs had not at any time paid said judgment.    The Circuit
Judge, in effect, confirmed these findings, which upon the evi-
dence reported, we cannot say was error.    The code allows
amendments by the court, when the amendment does not sub-
stantially change the cause of action.    We think the amendment
proposed here would have violated this implied inhibition.

There was no error in the exclusion of the $100, by which the
judge held that the amount reported by the master should be
reduced.    As his honor said, McHugh himself admitted that
there was nothing said about the assignment of the judgment
when Richey borrowed that sum.

Nor was there error in the order of Judge Hudson overruling
the master in his sustaining the demurrer to the complaints.    The
allegations of the complaints of payment *admitted* by the demur-
rer, certainly gave them a cause of action, and entitled plaintiffs
to relief, if true.

Judgment modified.